IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ROBERT L. EVERETTE, JR.  *
      Plaintiff,
   v.  *  CIVIL ACTION NO. DKC-15-3649

OFFICE OF THE PUBLIC DEFENDER  *
  DISTRICT #8
COUNSEL HOSSEIN PARVIZIAN, ASST.  *
  PUBLIC DEFENDER
      Defendants.  *
                                *****

## **MEMORANDUM OPINION**

On November 30, 2015, the Court received for filing this 42 U.S.C. § 1983 Complaint for monetary damages. Robert Everette, Jr. ("Everette"), a state inmate housed at the Brockbridge Correctional Facility in Jessup, Maryland, filed suit against the Office of the Public Defender and Assistant Public Defender Hossein Parvizzan. ECF No. 1. According to the statement of facts, Everettte claims that he received ineffective assistance of counsel which led him to take an involuntary guilty plea.[1] He further contends that counsel failed to file an application for leave to appeal in a "timely and professional manner" and "forged" three legal documents indicating he did file for leave to appeal. *Id.* Although Everette has failed to remit the $400.00 civil filing fee or to move to proceed in forma pauperis, he shall not be required to cure this deficiency. The § 1983 complaint shall be dismissed *sua sponte* for the failure to state a claim.

---

[1] The state court docket indicates that on July 28, 2015, Everette entered a plea under *North Carolina v. Alford*, 400 U.S. 25 (1970) on two counts of burglary fourth-degree theft and one count of theft under $1,000. *See State v. Everette*, 03K14003740 (Circuit Count for Baltimore County). He received a cumulative four-year, six-month sentence. *See* http://casesearch.courts.state.md.us/casesearch/inquiryDetail.jis?.

Jurisdictional and threshold requirements of §1983 civil actions demand that a substantial federal claim be asserted and that the named defendants act "under color of" state law. *See* 28 U.S.C. §§ 1343(a)(3) and (4); *see also West v. Adkins*, 487 U.S. 42, 49 (1988); *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 928-930 (1982). Defense counsel, whether they are court-appointed public defenders or privately-retained attorneys, do not act under color of state law when representing their clients. *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981). A defense attorney representing a client, whether privately retained or court-appointed, is free from state control and is not acting under color of state law. *See id.*; *Deas v. Potts*, 547 F.2d 800, 800 (4th Cir. 1976). Therefore, regardless of whether Everette can prove that the Office of the Public Defender and Assistant Public Defender Parvizian provided him with ineffective assistance of counsel during trial or on direct appeal, he can state no claim under § 1983 because he is not suing state actors. *See Curry v. South Carolina*, 518 F.Supp.2d 661, 667 (D. S.C. 2007).

Because Everette's § 1983 complaint alleges an infringement of a constitutional right that does not exist and is premised on an "indisputably meritless legal theory," his case shall be dismissed for the failure to state a claim. A separate Order follows dismissing this case.

Date: December 3, 2015                              _____/s/_____
                                                   DEBORAH K. CHASANOW
                                                   United States District Judge